

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

May 16, 2018

The Honorable Renee Ann Mueller
Washington County Attorney
100 East Main, Suite 200
Brenham, Texas 77833

Opinion No. KP-0206

Re: Authority of a magistrate to designate a specific peace officer or law enforcement agency to execute an emergency detention warrant under subsection 573.012(d) of the Health and Safety Code (RQ-0204-KP)

Dear Ms. Mueller:

You ask a series of questions regarding which peace officers have the responsibility to transport a person subject to an emergency detention warrant issued pursuant to subsection 573.012(d) of the Health and Safety Code.[1] Chapter 573 governs the emergency detention of a person evidencing mental illness who may pose a substantial risk of imminent serious harm to himself or others if not immediately restrained. See TEX. HEALTH & SAFETY CODE §§ 573.0001– .026. Subchapter B of chapter 573 authorizes any adult to file a written application for the emergency detention of such a person and requires a judge or magistrate to review the application. See id. §§ 573.011 (providing for application), .012(a)–(b) (providing for issuance of warrant). Upon review, if certain requirements are met, "[t]he magistrate shall issue to an on-duty peace officer a warrant for the person's immediate apprehension."[2] Id. § 573.012(d). The statute provides:

> (e) A person apprehended under this section shall be transported for a preliminary examination in accordance with Section 573.021 to:
>
> (1) the nearest appropriate inpatient mental health facility; or

---

[1] See Letter and Brief from Honorable Renee Ann Mueller, Washington Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Dec. 27, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Brief," respectively).

[2] The magistrate must find "reasonable cause to believe that: (1) the person evidences mental illness; (2) the person evidences a substantial risk of serious harm to himself or others; (3) the risk of harm is imminent unless the person is immediately restrained; and (4) the necessary restraint cannot be accomplished without emergency detention." TEX. HEALTH & SAFETY CODE § 573.012(b).

> (2) a mental health facility deemed suitable by the local mental health authority, if an appropriate inpatient mental health facility is not available.

*Id.* § 573.012(e).  You tell us that the City of Brenham police department and the Washington County sheriff's department disagree about which of the two is responsible for transporting the person apprehended if the location of the apprehension is within Brenham city limits.[3]  Brief at 1.  "The dispute revolves around geographical principles and jurisdiction," you state, noting that the "primary point of contention . . . is whether a magistrate has authority to require a specific law enforcement agency to execute a warrant pursuant to [subsection 573.012(d)], regardless of where the subject to be transported is encountered or located."  *Id.* at 3; *see also* Request Letter at 1.

Subsection 573.012(d) directs a magistrate to issue the warrant for apprehension "to an on-duty peace officer."  TEX. HEALTH & SAFETY CODE § 573.012(d).  Article 2.12 of the Code of Criminal Procedure defines "peace officer" to include, among others, "sheriffs" and "their deputies," and "marshals or police officers of an incorporated city, town, or village."  TEX. CODE CRIM. PROC. art. 2.12(1), (3).  As this office previously concluded, subsection 573.012(d) "uses the phrase 'peace officer' consistently with the Code of Criminal Procedure definition" and "does not on its face distinguish between county and municipal peace officers for purposes of executing emergency detention warrants."  Tex. Att'y Gen. Op. No. JC-0387 (2001) at 2.  Thus, a magistrate[4] may direct the emergency detention warrant to any on-duty peace officer listed in article 2.12 of the Code of Criminal Procedure, regardless of the apprehended person's location within the county.

Next, you ask whether the responding peace officer or law enforcement agency must "respond <u>and</u> transport the person" pursuant to section 573.012(e).  Request Letter at 1.  Although subsection 573.012(e) provides that "[a] person apprehended under this section *shall be transported* for a preliminary examination" without directly identifying the person or entity providing the transportation, the statute contemplates that the peace officer apprehending the person also takes responsibility for transporting the person.  TEX. HEALTH & SAFETY CODE § 573.012(e) (emphasis added); *see also Boren v. Texoma Med. Ctr., Inc.*, 258 S.W.3d 224, 226 n.1 (Tex. App.—Dallas 2008, no pet.) (stating that a warrant issued pursuant to subsection 573.012(d) is "for the person's immediate apprehension *and transportation to* a mental health facility for a preliminary examination" (emphasis added)), 25 TEX. ADMIN. CODE § 412.176(a)(1) (2018) (Dept. of State Health Services, Emergency Detention) (directing state mental health facilities to accept for preliminary examination "a person who has been apprehended *and transported . . . by a peace officer* in accordance with" section 573.012 (emphasis added)); Tex. Att'y Gen. Op. No. JC-0364 (2001) at 2 (noting that pursuant to section 573.012, "a peace officer

---

[3]You do not ask about a peace officer's responsibility to transport such a person without a warrant pursuant to subchapter A of chapter 573, acknowledging that under that subchapter "the encountering officer or deputy is responsible" for transporting the person to a facility for evaluation, whoever that may be.  Brief at 1.  Thus, we address only the transportation of a person pursuant to subchapter B.

[4]Your first two questions ask about the authority of "a magistrate, specifically a Justice of the Peace."  Request Letter at 1.  The authority bestowed by subsection 573.012(d) does not distinguish among the various officers who may serve as a magistrate.  *See* TEX. CODE CRIM. PROC. art. 2.09 (defining "magistrates" to include, among others, "justices of the peace").

transports an apprehended person who is believed to be mentally ill" to the appropriate facility). Thus, a court would likely determine that a peace officer executing an emergency detention warrant also has a duty to ensure the person is transported to the appropriate facility.

Next, you ask whether "there are any jurisdictional elements associated with a warrant issued pursuant to" section 573.012(d), such that the location of the person encountered would determine whether transportation is a municipal or county law enforcement responsibility. Request Letter at 1. Subsection (d) of section 573.012 contains no jurisdictional element on the warrant issued to an on-duty peace officer. The only location-based element of section 573.012, in subpart (e) of that section, determines the destination of the transport ("the nearest" mental health facility), not who provides the transport. *See* TEX. HEALTH & SAFETY CODE § 573.012(e).

You also ask whether the Brenham police department or the Washington County sheriff's department may "refuse to transport persons subject to warrants" under section 573.012. Request Letter at 1–2. Among other duties, a peace officer "shall . . . execute all lawful process issued to the officer by any magistrate or court." TEX. CODE CRIM. PROC. art. 2.13(b)(2). In addition, a person apprehended under an emergency detention warrant "shall" be transported to an appropriate facility. TEX. HEALTH & SAFETY CODE § 573.012(e). The word "shall" imposes a duty. TEX. GOV'T CODE § 311.016(2). Under these provisions, a peace officer may not refuse to transport a person he or she apprehends pursuant to an emergency detention warrant.

Finally, you ask whether "a designated law enforcement officer, or the head of a particular law enforcement agency [who] refuses to execute a warrant pursuant to section 573.012(d)" may be held in contempt.[5] Request Letter at 2. "If any sheriff or other officer shall willfully refuse . . . to execute any . . . legal process which it is made his duty by law to execute, he shall be liable to a fine for contempt . . . at the discretion of the court." TEX. CODE CRIM. PROC. art. 2.16. The local probate court or court having probate jurisdiction handles proceedings under the Texas Mental Health Code, which includes chapter 573. *See generally* TEX. HEALTH & SAFETY CODE §§ 571.001–578.008 (Texas Mental Health Code), *id.* § 571.012 (specifying the hours of availability of the probate judge, a magistrate, or the court with probate jurisdiction for mental health proceedings). In Washington County, the county court and the county court-at-law both exercise this jurisdiction, and such courts may punish for contempt.[6] *See* TEX. GOV'T CODE §§ 21.002 (generally giving courts contempt power), 25.0004(b) (specifying that "[a] statutory county court or its judge may punish for contempt as prescribed by general law"). Thus, a subsequent action for contempt could likely be brought in those courts to enforce a magistrate's emergency detention warrant issued pursuant to section 573.012(d).

---

[5]Your question contemplates "the issuing magistrate" holding the person in contempt. Request Letter at 2. However, because "contempt is a broad and inherent power *of a court*," we focus our inquiry on a court's power to enforce an emergency detention warrant issued pursuant to subsection 573.012(d). *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (emphasis added); *see also* TEX. GOV'T CODE § 21.002 ("a court may punish for contempt").

[6]The constitutional county court of Washington County "has the general jurisdiction of a probate court." TEX. GOV'T CODE § 26.339. The county's singular statutory county court also exercises probate jurisdiction concurrently with the constitutional county court. *See id.* §§ 25.2411 ("Washington County has one statutory county court, the County Court at Law of Washington County."), .0003(d) (providing generally that "a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts").

## S U M M A R Y

A magistrate may direct an emergency detention warrant issued pursuant to subsection 573.012(d) of the Health and Safety Code to any on-duty peace officer listed in article 2.12 of the Code of Criminal Procedure, regardless of the location within the county of the person who is the subject of the warrant. A peace officer executing an emergency detention warrant has a duty to ensure the transport of a person subject to the warrant to an appropriate facility pursuant to subsection 573.012(e). Subsection 573.012(d) contains no jurisdictional element that would determine whether municipal or county law enforcement bears the responsibility for transporting a person to an appropriate facility pursuant to subsection 573.012(e). A peace officer refusing to transport a person to an appropriate facility pursuant to subsection 573.012(e) is liable for contempt. Such an action for contempt could likely be brought by a court having specific jurisdiction over mental health proceedings.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee